IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2015 JUN -8 PM 4:45
CLERK
SO. DIST. OF GA.

INSTA-CARE PHARMACY SERVICES  
CORPORATION, d/b/a PHARMERICA,

  Plaintiff,

v.    CV 315-038

AZ OPERATOR, LLC, d/b/a HEART  
OF GEORGIA NURSING HOME,

  Defendant.

## O R D E R

Presently pending before the Court is Plaintiff's Motion for Default Judgment. (Doc. no. 12.) For the reasons set forth below, Plaintiff's motion is **GRANTED**.

### I. BACKGROUND

This case arises out of an agreement between Plaintiff Insta-Care Pharmacy Services Corporation d/b/a PharMerica ("PharMerica") and Defendant AZ Operator, LLC d/b/a Heart of Georgia Nursing Home ("AZ Operator") for PharMerica to provide pharmacy-related goods and services to residents of a skilled nursing facility located in Eastman, Georgia, owned and operated by AZ Operator. (Am. Compl. ¶¶ 1, 7.) The parties agreed to a certain pricing structure for the pharmacy-related goods and

services provided to the facility's residents. (Id. ¶ 7.) PharMerica submitted written monthly invoices to AZ Operator for the provided goods and services in accordance with the parties' pricing structure. (Id. ¶¶ 9-10.) Nevertheless, AZ Operator has failed to pay (1) the March 2013 to May 2013 invoices, (2) the July 2013 invoice, and (3) the September 2013 through May 2014 invoices.[1] (Id. ¶ 13.)

On April 22, 2015, PharMerica filed suit against AZ Operator for breach of contract, seeking to recover the unpaid amounts plus interest.[2] (See generally Compl., Doc. No. 1.) On May 5, 2015, PharMerica filed an amended complaint. (See generally, Am. Compl., Doc. No. 7.) AZ Operator failed to file to answer, enter an appearance, or otherwise defend the lawsuit by May 29, 2015. The Clerk therefore entered default against AZ Operator on June 2, 2015. (Doc. No. 11.) PharMerica filed the instant motion for default judgment on June 4, 2015.

## II. DISCUSSION

"Defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for a judgment entered . . . . The defendant is not held to admit facts that are not well-pleaded

---

[1] Apparently, AZ Operator paid the invoices for June and August 2013 in full. (Am. Compl. ¶ 12.)

[2] In addition to the breach of contract claim, PharMerica asserted an "Unjust Enrichment/Constructive Trust" claim.

2

or to admit conclusions of law." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[3] A defendant, by his default, is only deemed to have admitted the "plaintiff's well-pleaded allegations of fact." Id. "[T]hree distinct matters [are] essential in considering any default judgment: (1) jurisdiction; (2) liability; and (3) damages." Pitts ex rel. Pitts v. Senecar Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

### A. Jurisdiction

The parties in this case are diverse: PharMerica is a Texas corporation with its principal place of business in Kentucky, and AZ Operator, a limited liability company, has two members-both from New York. (Am. Compl. ¶¶ 2-3.) PharMerica claims it is owed $121,310.18 excluding interest; thus, the amount in controversy requirement is satisfied. The Court therefore has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Moreover, this Court has personal jurisdiction over AZ Operator because it owned and operated a facility in the Dublin Division of the Southern District of Georgia.

### B. Liability

Based on PharMerica's allegations and the evidence of record, the Court is satisfied that the well-pleaded allegations

---

[3] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in Eleventh Circuit).

3

of the amended complaint state a cause of action against AZ Operator for breach of contract and that this claim provides a substantive, sufficient basis for the relief PharMerica seeks. The evidence submitted by PharMerica includes (1) an Affidavit of Service from the process server (doc. No. 9); (2) the Affidavit of Robert E. Johnson, Jr., counsel of record for PharMerica (doc. no. 10); and (3) an Affidavit from Berard Tomassetti, the Senior Vice President and Chief Accounting Officer for PharMerica Corporation, which is the parent company of Plaintiff PharMerica (doc. no. 12). These exhibits reveal that AZ Operator was invoiced pursuant to an agreement between the parties for pharmacy-related goods and services and that AZ Operator has failed to pay on certain of those invoices. The evidence further shows that AZ Operator failed to pay despite repeated demands to do so. Upon this evidence, the Court finds that AZ Operator is liable to PharMerica for breach of contract in failing to pay monies due and owing.

### C. Damages

"While well-pleaded facts in the complaint are deemed admitted, [a plaintiff's] allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." Whitney Nat'l Bank v. Flying Tuna, LLC, No. 11-0249, 2011 WL 4702916, at *3 (S.D. Ala. Oct. 4, 2011). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a sum

4

certain, the law "requires the district court to hold an evidentiary hearing" to fix the amount of damages. S.E.C. v. Smyth, 420 F.3d 1225, 1231 (11th Cir. 2005). However, no hearing is needed "when the district court already has a wealth of evidence from the party requesting the hearing, such that any additional evidence would be truly unnecessary to a fully informed determination of damages."[4] Id. at 1232 n.13. Because this Court has all the relevant evidence to consider damages without holding an evidentiary hearing, the Court will determine damages at this time.

Through the Affidavit of Berard Tomassetti, PharMerica shows that AZ Operator failed to pay the invoices delineated in the amended complaint such that the total principal balance due and owing on the contract is **$121,310.18,** that accrued interest on that amount, as of June 2, 2015, is **$11,130.78** pursuant to O.C.G.A. § 7-4-2, and that interest continues to accrue on the unpaid balance at the rate of **$23.26 per day**. (Tomassetti Aff. ¶ 6.) As such, PharMerica is entitled to entry of default judgment against AZ Operator in the sum of **$132,580.52,** representing the total amount of all principal and accrued interest due to this date.

---

[4] No party has a requested an evidentiary hearing on damages in this case.

## IV. CONCLUSION

Based upon the foregoing, Plaintiff's motion for default judgment (doc. no. 12) is **GRANTED**. The Clerk is instructed to enter judgment in favor of Plaintiff and against Defendant AZ Operator, LLC in the total amount of **$132,580.52**. The Clerk is further **DIRECTED** to **TERMINATE** all deadlines and motions, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 8th day of June, 2016.

_____
UNITED STATES DISTRICT JUDGE